UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| JOHNS CREEK, LLC,<br>　　　　Plaintiff,<br><br>　　v.<br><br>TWANA DENICE BROWN BEY,<br>　　　　Defendant. | Civil Action No. 4:21cv73 |

**MEMORANDUM OPINION**

This matter is before the Court to review the propriety of a Notice of Removal filed by *pro se* Defendant Twana Denice Brown Bey ("Defendant"). For the reasons set forth below, the Court finds that it lacks subject matter jurisdiction over this action. Accordingly, this action will be REMANDED back to the Hampton General District Court.

**I. BACKGROUND**

On April 7, 2021, Plaintiff Johns Creek, LLC ("Plaintiff") filed an unlawful detainer action, Case No. GV21002379-00, against Defendant in the Hampton General District Court. *See* General District Court Online Case Information, https://eapps.courts.state.va.us/gdcourts/civil Detail.do?formAction=newSearch?ts=1625766197258&clientSearchCounter=3&localFipsCode =650 (last visited July 9, 2021). On June 10, 2021, Defendant paid the requisite fees and filed a Notice of Removal in this Court. Notice Removal, ECF No. 1.

**II. ANALYSIS**

Upon review of Defendant's Notice of Removal, the Court finds that it lacks subject matter jurisdiction over this action. Federal courts are courts of limited jurisdiction, meaning that a federal court is only empowered to consider certain types of claims. *United States ex rel. Vuyyuru*

v. *Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). A federal court has subject matter jurisdiction over civil cases (i) "arising under the Constitution, laws, or treaties of the United States" ("federal question jurisdiction"); and (ii) in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties ("diversity jurisdiction"). 28 U.S.C. §§ 1331, 1332.

"A defendant is permitted to remove a state court action to federal court only if the plaintiff could have originally filed such action in federal court." *Fannie Mae v. Young*, No. 2:12cv471, 2013 U.S. Dist. LEXIS 143327, at *6 (E.D. Va. Aug. 12, 2013); *see* 28 U.S.C. § 1441(a). "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction . . . [and] any doubts about the propriety of removal should be resolved in favor of remand to state court." *Dominion Pathology Labs, P.C. v. Anthem Health Plans of Va., Inc.*, 111 F. Supp. 3d 731, 735 (E.D. Va. 2015) (first alteration in original) (citing *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).

Courts have an "independent duty to ensure that jurisdiction is proper and, if there is a question as to whether such jurisdiction exists, [they] must 'raise lack of subject-matter jurisdiction on [their] own motion,' without regard to the positions of the parties." *Mosley v. Wells Fargo Bank, N.A.*, 802 F. Supp. 2d 695, 698 (E.D. Va. 2011) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)); *see Plyler v. Moore*, 129 F.3d 728, 731 n.6 (4th Cir. 1997) ("[Q]uestions concerning subject-matter jurisdiction may be raised at any time by either party or sua sponte by [the] court."). With respect to actions that are removed from state court to federal court, 28 U.S.C. § 1447(c) provides that "[i]f at any time before final

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1477(c).

Here, the Court finds that it cannot exercise diversity jurisdiction over this action because Defendant has not established that diversity of citizenship exists between the parties. *See* Notice Removal at 3 (providing a Virginia address for Defendant); State Corporation Commission Clerk's Information System, https://cis.scc.virginia.gov/EntitySearch/BusinessInformation?businessId=390865&source=FromEntityResult&isSeries%20=%20false (last visited July 9, 2021) (identifying Plaintiff as a Virginia limited liability company). The Court further finds that it cannot exercise federal question jurisdiction over this action. As explained above, this matter involves a claim against Defendant for unlawful detainer—a claim that arises solely under Virginia law.[1]

Under these circumstances, the Court finds that it lacks subject matter jurisdiction over this action, and as a result, this action will be REMANDED back to the Hampton General District Court. *See Fannie Mae*, 2013 U.S. Dist. LEXIS 143327, at *12-17 (remanding an unlawful detainer action to state court based on a lack of subject matter jurisdiction).

---

[1] In her Notice of Removal, Defendant refers to various constitutional violations. Notice Removal at 3, 10-11, ECF No. 1. To the extent Defendant intends to argue that this Court may exercise federal question jurisdiction over this action because Defendant seeks to assert federal defenses to Plaintiff's unlawful detainer claim, this Court has explained:

> "Under what has become known as the well-pleaded complaint rule, § 1331 federal question jurisdiction is limited to actions in which the plaintiff's well-pleaded complaint raises an issue of federal law." "[A]ctions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question." Accordingly, when determining whether a claim arises under federal law, the Court must examine "allegations of the complaint and ignore potential defenses." Thus, when determining whether federal jurisdiction exists, the Court does not consider . . . affirmative defenses under federal law.

*Fannie Mae v. Young*, No. 2:12cv471, 2013 U.S. Dist. LEXIS 143327, at *13-14 (E.D. Va. Aug. 12, 2013) (citations omitted).

### III. CONCLUSION

For the reasons set forth above, the Court finds that it lacks subject matter jurisdiction over this action. Accordingly, this action will be REMANDED back to the Hampton General District Court.

An appropriate Order shall issue.

/s/ 
Roderick C. Young  
United States District Judge

Richmond, Virginia  
July 12, 2021